UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:20CV-P111-JHM

JEREMY RAY WICKS                                                PLAINTIFF

V.

HOPKINS COUNTY                                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Jeremy Ray Wicks filed the instant *pro se* action under 42 U.S.C. § 1983. Defendant filed a motion for summary judgment (DN 19). Plaintiff failed to file a response to the motion for summary judgment. However, in light of Plaintiff's *pro se* status, by Order entered on June 21, 2021 (DN 20), the Court gave him an additional 30 days to file a response to the pending motion. The Court warned Plaintiff that if he failed to file a response to the pending motion within the time allowed, the Court would dismiss this action. (*Id.* at 1).

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that

party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (internal citation omitted). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with a straightforward order, despite being warned that dismissal would occur without compliance, shows that Plaintiff has abandoned any interest in prosecuting this action. Therefore, this action will be dismissed by separate Order.

Joseph H. McKinley Jr., Senior Judge
United States District Court

September 3, 2021

cc: Plaintiff, *pro se*
     Counsel of Record